IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALBERT MARTINEZ,

    Petitioner,

v.                                                                                                 No. 22-cv-407-WJ-GJF
                                                                                      No. 18-cr-101-WJ-CG-1

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Albert Martinez's Pro Se Prisoner Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), filed May 23, 2022. (Doc. 1)[1] (the "Motion"). In the Motion, Martinez seeks compassionate release. He also challenges the validity of his sentence. The motion for compassionate release will be denied. To the extent Martinez wishes to challenge the validity of his sentence, he must seek relief under 28 U.S.C. § 2255.

## BACKGROUND

In November 2018, Martinez pleaded guilty to one count of being a felon in possession of a firearm. (Cr. Doc. 28). The statutory minimum sentence for that conviction was ten years. (Cr. Doc. 57-1 at 2). Because Martinez had three prior convictions that counted as violent felonies for purposes of the Armed Career Criminal Act (ACCA)—one for residential burglary and two for robbery, the statutory minimum was enhanced by five years. (Id.). Accordingly, the Court sentenced him to fifteen years imprisonment. (Id.). Martinez appealed to the Tenth Circuit, arguing that the prior convictions did not qualify as violent felonies under the ACCA. (Cr. Doc. 40). The

---

[1] Unless otherwise specified, docket references are to the docket in the above captioned civil case.

Tenth Circuit affirmed. (Doc. 57-1). Martinez then filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on November 2, 2020. (Doc. 59). Martinez's judgment and sentence became final the next day.

Martinez filed the present Motion on May 23, 2022. (Cr. Doc. 63; Doc. 1). The Motion is on the compassionate release form, and indeed seeks compassionate release. (Doc. 1). But, in substance, Martinez's handwritten requests for relief challenge the legality of his sentence—challenges that are properly raised in a petition for a writ of habeas corpus. (Doc. 1 at 5-6). For example, Martinez checked boxes on the compassionate release form avowing that there are extraordinary and compelling reasons for his release (Doc. 1 at 4), but he alleges in narrative form that his sentence is illegal because burglary and robbery do not qualify as crimes of violence under the ACCA. (Doc. 1 at 5-6).

In this Memorandum Opinion and Order, the Court addresses Martinez's request for compassionate release. If he wishes to pursue habeas relief, he may do so separately.

**DISCUSSION**

I. Martinez's Motion for Compassionate Release Shall be Denied.

Generally, "a federal court may not modify a term of imprisonment once imposed." *United States v. Wilson*, 493 F. App'x 919, 921 (10th Cir. 2012) (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010)). Congress has provided a limited exception to this rule, allowing "compassionate release" sentence modifications under § 3582(c)(1)(A) under some circumstances. The Court may reduce a sentence under the compassionate release statute if the defendant administratively exhausts his request and three other requirements are met: (1) extraordinary and compelling reasons warrant such a reduction; (2) a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) when they are applicable, the factors set

forth in § 3553(a), are satisfied. *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). "[D]istrict courts may deny compassionate-release motions when any [one] of the three prerequisites listed in § 3582(c)(1)(A) is lacking[.]" *Id.* at 104. Martinez asserts, and the Court assumes that it is true, that he has exhausted his administrative remedies. The Motion will be denied, however, because Martinez has not demonstrated that extraordinary and compelling reasons warrant a sentence reduction.

While the phrase "extraordinary and compelling reasons" is not defined in 18 U.S.C. § 3582(c), the Sentencing Commission has recognized four categories of "extraordinary and compelling reasons." U.S.S.G. § 1B1.13 cmt. n.1. These are: the defendant's medical condition; his age; his family circumstances; and a catch-all category of "other reasons." U.S.S.G. § 1B1.13 cmt. n.1; *see United States v. Gieswein*, 832 F. App'x 576, 577 (10th Cir. 2021). The Court is not bound by the categories identified in USSG § 1B1.13, cmt. n.1, *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021), but may rely on them as an analytical framework. *United States v. Carr*, 851 F. App'x 848, 853 (10th Cir. 2021) (recognizing the district court's "discretion to conclude the application notes to USSG § 1B1.13 still provide[] the best definition and description of "extraordinary and compelling reasons"). The burden of demonstrating that extraordinary and compelling reasons justify compassionate release must be carried by the defendant. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (defendant bears burden to show reduction is warranted under Section 3582(c)(2)); *United States v. Snyder*, No. 22-3089, 2023 WL 370901, at *3 (10th Cir. Jan. 24, 2023) (affirming the denial of compassionate release where the defendant failed to demonstrate an extraordinary and compelling circumstance warranting a sentence reduction"); *United States v. Bright*, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) ("extraordinary and compelling" standard imposes a heavy burden on a defendant seeking relief under Section

3582(c)(1)(A)).

Because Martinez checked the box on the standard compassionate release form indicating that he has a serious physical or medical condition, a serious functional or cognitive impairment, or a deteriorating physical or mental health from ageing that he is not expected to recover from, it appears that he seeks compassionate release based on a medical condition and/or his age. (Doc. 1 at 4.). Aside from marking the form, however, Martinez neither alleges facts nor provides medical records showing that he is suffering from a terminal illness or condition that prevents him from providing self-care in prison. *See* U.S.S.G. § 1B1.13 cmt. n.1(A) (stating the Sentencing Commission's guideline). Martinez's conclusory, check-the-box, attestation that he has a serious medical condition, without more, does not persuasively demonstrate extraordinary and compelling circumstances justifying a reduction in his sentence. The Court will not grant relief on this basis.

To the extent Martinez relies on his age as an extraordinary and compelling circumstance, he is too young (age 56 when he filed the Motion) and has served too few years (3 years and two months at the time of filing) to satisfy the Sentencing Commission's age-related guidelines. (Cr. Doc. 31). *See* U.S.S.G. § 1B1.13 cmt. n.1(B) (indicating that release may be warranted if the defendant is at least 65, is experiencing a serious deterioration in physical or mental health because of age and has served at least 10 years or 75 percent of his prison term).

To the extent that Martinez seeks to invoke the catch-all "other reasons" category for compassionate release by challenging the legality of his sentence, the attempt is misguided. Habeas and compassionate release are distinct forms of relief. The former authorizes the court to vacate an unlawful sentence, whereas the latter only permits the district court to reduce it.; *compare* 28 U.S.C. § 2255(a) *with* 18 U.S.C. § 3582(c)(1)(A). The exclusive remedy to test the validity of a judgment and sentence is a habeas petition under 28 U.S.C. § 2255. *Caravalho v. Pugh*, 177 F.3d

1177, 1178 (10th Cir. 1999). And a compassionate release motion may not be based on claims specifically governed by § 2255. *United States v. Wesley*, 2023 WL 2261817, --F.4th-- (10th Cir. 2023). The Court will not reduce Martinez's sentence under the compassionate release statute based on an assertion that the sentence is illegal.

    II.    <u>Martinez May Challenge the Legality of His Sentence by Filing a Habeas Petition</u>.

To the extent Martinez seeks to set aside his allegedly unlawful sentence, he is at liberty to file a habeas petition seeking relief under § 2255. He is advised, however, that 28 U.S.C. § 2255(f) establishes a statute of limitations governing collateral review of convictions and sentences. The limitation period runs from the latest of—

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* As the judgment and sentence became final on November 3, 2020, the day after the United States Supreme Court denied his petition for certiorari, well over a year before he filed the present Motion, Martinez would be required to address the issue of timeliness under § 2255(f)(2), (3), or (4). Should he wish to pursue habeas relief, the Court will mail him a blank § 2255 Petition and decline to address the merits of his would-be habeas argument here so that any forthcoming petition would not be second or successive.

    **IT IS HEREBY ORDRED** that:

(1)    Martinez's Prisoner Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), filed May 23, 2022 **(Doc. 1)** is **DENIED** to the extent it seeks compassionate

release.

(2)     To the extent the Motion seeks to raise a habeas claim under § 2255, the Motion is denied without prejudice to Martinez's prerogative to seek such relief in a separate habeas action. This ruling does not affect Martinez's right to file a "first" habeas petition separately from this case.

(3)     The clerk's office should mail Martinez a blank § 2255 form.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE